Stuart M. Richter (SBN 126231)
stuart.richter@katten.com
Camille A. Brooks (CA 307859)
camille.brooks@katten.com
Asena Baran (SBN 342626)
asena.baran@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone:    310.788.4400
Facsimile:    310.788.4471

*Attorneys for Defendant Kenneth Cole Productions, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO COURTHOUSE)

| | |
|---|---|
| JOHN INZALACO and JOSE ORTIZ, an individual, on behalf of themselves, the general public, and those similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>KENNETH COLE PRODUCTIONS, INC.,<br><br>          Defendant. | Case No. 3:26-cv-00771-TLT<br><br>The Honorable Trina L. Thompson<br><br>**DEFENDANT KENNETH COLE PRODUCTIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: January 23, 2026<br><br>Date: To be set by the Court<br>Time: To be set by the Court<br>Place: Courtroom 9 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on a date and at a time to be determined,[1] in the above-named court, located at 450 Golden Gate Avenue, Courtroom 9 – 19th Floor, San Francisco, CA 94102, the Honorable Trina L. Thompson presiding, defendant Kenneth Cole Productions, Inc. ("KCP"), will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint and each claim asserted therein by plaintiffs John Inzalaco and Jose Ortiz (together, "Plaintiffs") with prejudice.

KCP brings this Motion on the grounds that Plaintiffs' claims for invasion of privacy and intrusion upon seclusion fail as a matter of law because (1) they are time-barred; (2) Plaintiffs did not have a reasonable expectation of privacy in the data purportedly collected by the third-party cookies; and (3) KCP's purported misconduct is not the egregious breach of social norms required for either claim.

KCP also brings this Motion on the grounds that Plaintiffs' claim for violation of section 631 of California's Invasion of Privacy Act ("CIPA") fails as a matter of law because (1) it is time-barred; (2) KCP cannot eavesdrop on communications to which it was a party; and (3) Plaintiffs have failed to allege any predicate violations of section 631 for aiding-and-abetting liability.

KCP also brings this Motion on the grounds that Plaintiffs' claim for violation of section 638.51 of CIPA fails as a matter of law because (1) it is time-barred; (2) the third-party cookies are not "pen registers"; and (3) Plaintiffs have failed to allege the specific "dialing, routing, addressing, or signaling information" that was purportedly tracked from their communications with KCP's website.

KCP also brings this Motion on the grounds that Plaintiffs' claim for common law fraud, deceit and/or misrepresentation fails as a matter of law because (1) it is time-barred; (2) Plaintiffs have not plausibly alleged damages as a result of KCP's purported fraud; and (3) Plaintiffs have failed to satisfy the pleading requirements of Rule 9(b).

Finally, KCP brings this Motion on the grounds that Plaintiffs' claim for unjust enrichment fails as a matter of law because (1) it is time-barred; (2) it is not a valid cause of action; (3) Plaintiffs

---

[1]    In its order granting in part and denying in part the parties' Stipulation to Extend Defendant Kenneth Cole Productions, Inc.'s Deadline to Respond to the Complaint and Corresponding Briefing Scheule, the Court stated: "The hearing date will be set by the Court." Dkt. 16.

have not plausibly alleged KCP was unjustly enriched at Plaintiffs' expense; and (4) to the extent it is based on fraud, Plaintiffs have failed to satisfy the pleading requirements of Rule 9(b).

This Notice of Motion and Motion are based on the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Camille A. Brooks, the pleadings and papers on file in this action, such other and further matters of which this Court may or must take judicial notice, and such arguments as may be considered by the Court at the hearing on this matter.

Respectfully submitted,

Dated: March 23, 2026    **KATTEN MUCHIN ROSENMAN LLP**

By: /s/ Stuart M. Richter

*Attorneys for Defendant Kenneth Cole Productions, Inc.*

**TABLE OF CONTENTS**

**Page**

I.      Introduction.................................................................................................................1

II.     Issues to be Decided.....................................................................................................3

III.    Relevant Factual and Procedural Background ..............................................................3

        A.      Kenneth Cole's Website Uses Cookies.................................................................4

        B.      Plaintiffs Visited the Website at Unspecified Times Over a Four-Year
                Period During Which Cookies Were Purportedly Placed on Their
                Computers .............................................................................................................4

        C.      Plaintiff Inzalaco Files an Individual Arbitration with the AAA ..........................5

        D.      Plaintiffs File This Putative Class Action Lawsuit ...............................................5

IV.     LEGAL STANDARD....................................................................................................6

V.      The Complaint Should Be Dismissed under Rule 12(b)(6) for Failure to State a Claim .....6

        A.      Plaintiffs' Claims Are Time-Barred......................................................................6

        B.      Plaintiffs' Invasion of Privacy and Intrusion Upon Seclusion Claims Fail as
                a Matter of Law.....................................................................................................9

        C.      Plaintiffs' "Wiretapping" CIPA Claim Fails as a Matter of Law ........................11

        D.      Plaintiffs' "Pen Register" CIPA Claim Fails as a Matter of Law........................15

        E.      Plaintiffs' Fraud Claim Fails as a Matter of Law ...............................................17

        F.      Plaintiffs' Unjust Enrichment Claim Fails as a Matter of Law ...........................18

VI.     CONCLUSION............................................................................................................19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009).............................................................................................................6

*Aviles v. Liveramp, Inc.*,
　No. 24STCV19869, 2025 WL 487196 (Cal. Super. Jan. 28, 2025) .......................................16

*B.K. v. Desert Care Network*,
　No. 23-05021, 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) .......................................19

*Beckwith v. Dahl*,
　205 Cal. App. 4th 1039 (2012) .......................................17

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)..............................................................................................................6

*Brodsky v. Apple Inc.*,
　445 F. Supp. 3d 110 (N.D. Cal. 2020) ........................................................7, 12, 14, 16

*Brown v. Google LLC*,
　525 F. Supp. 3d 1049 (N.D. Cal. 2021) ......................................................................7

*Cody v. Ring LLC*,
　718 F. Supp. 3d 993 (N.D. Cal. 2024) .................................................11, 12, 14, 15

*D'Antonio v. Smith & Wesson Inc.*,
　No. 25-03085, 2026 WL 446310 (N.D. Cal. Feb. 17, 2026) .............................................17, 18

*Darnaa, LLC v. Google, Inc.*,
　No. 15-03221, 2016 WL 6540452 (N.D. Cal. Nov. 2, 2016) .......................................8

*Dawidzik v. Tesla, Inc.*,
　No. 25-01982, 2025 WL 3786963 (C.D. Cal. Dec. 29, 2025).................................................10

*de Ayora v. Inspire Brands, Inc.*,
　No. 25-03645, 2025 WL 3707561 (N.D. Cal. Dec. 22, 2025)................................9, 13, 14, 18

*Doe v. Eating Recovery Ctr. LLC*,
　806 F. Supp. 3d 1109 (N.D. Cal. 2025) ......................................................................1

*Esparza v. UAG Escondido A1 Inc.*,
　No. 23-102, 2024 WL 559241 (S.D. Cal. Feb. 12, 2024)........................................................12

*Fox v. Ethicon Endo-Surgery, Inc.*,
　35 Cal. 4th 797 (2005) ...........................................................................................................7

*Gutierrez v. Converse Inc.*,
   Case No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025)................................................13

*Gutierrez v. Mofid*,
   39 Cal. 3d 892 (1985) ............................................................................................................7

*Hammerling v. Google LLC*,
   615 F. Supp. 3d 1069 (N.D. Cal. 2022) ...........................................................................10, 11

*Heiting v. Taro Pharms. USA, Inc.*,
   728 F. Supp. 3d 1112 (C.D. Cal. 2024) ...........................................................................13, 14

*Hernandez v. Hillsides, Inc.*,
   47 Cal. 4th 272 (2009) ...........................................................................................................9

*Hill v. Nat'l Collegiate Athletic Ass'n*,
   7 Cal. 4th 1 (1994) ..............................................................................................................10

*Hubbard v. Google LLC*,
   No. 19-07016, 2024 WL 3302066 (N.D. Cal. July 1, 2024) .......................................................11

*In re Facebook, Inc. Internet Tracking Litig.*,
   956 F.3d 589 (9th Cir. 2020) ................................................................................................9, 11

*In re Facebook Tracking Litig.*,
   263 F. Supp. ........................................................................................................................10

*Jolly v. Eli Lilly & Co.*,
   44 Cal. 3d 1103 (1988) ...........................................................................................................7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ..................................................................................................6

*Kolani v. Gluska*,
   64 Cal. App. 4th 402 (1998) .....................................................................................................8

*Licea v. Old Navy, LLC*,
   669 F. Supp. 3d 941 (C.D. Cal. 2023) .....................................................................................15

*McBride v. Boughton*,
   123 Cal. App. 4th 379 (2004) .................................................................................................18

*McGowan v. Weinstein*,
   505 F. Supp. 3d 1000 (C.D. Cal. 2020) ...................................................................................17

*Melchior v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003) .................................................................................................18

*Palacios v. Fandom, Inc.*,
   No. 24STCV11264, 2024 WL 5494527 (Cal. Super. Sep. 24, 2024).......................................16

iii

*Pemberton v. Rest. Brands Int'l, Inc.*,
  No. 25-03647, 2025 WL 3268404 (N.D. Cal. Nov. 24, 2025) ...............................................8, 9

*People v. Blair*,
  25 Cal. 3d 640 (1979) ................................................................................................................16

*People v. Perez*,
  35 Cal. 4th 1219 (2005) .............................................................................................................12

*Popa v. Microsoft Corp.*,
  153 F. 4th 784 (9th Cir. 2025) ...................................................................................................10

*Price v. Headspace, Inc.*,
  No. 24STCV19921, 2025 WL 1237977 (Cal. Super. Apr. 01, 2025) ......................................16

*Puri v. Khalsa*,
  674 F. App'x 679 (9th Cir. 2017) ..............................................................................................18

*Rodriguez v. Ford Motor Co.*,
  No. 23-598, 2024 WL 4957566 (S.D. Cal. Dec. 3, 2024) ....................................................11, 14

*Russell v. Walmart, Inc.*,
  680 F. Supp. 3d 1130 (N.D. Cal. 2023) .....................................................................................18

*Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*,
  9 Cal. 5th 710 (2020) ...................................................................................................................8

*Salameh v. Tqrsadia Hotel*,
  726 F.3d 1124 (9th Cir. 2013) ......................................................................................................6

*Shah v. Politico LLC*,
  No. 25-05213, 2026 WL 323269 (N.D. Cal. Feb. 6, 2026) ..........................................................6

*Smith v. Maryland*,
  442 U.S. 735 (1979).....................................................................................................................16

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d
  1187 (9th Cir. 2001).......................................................................................................................6

*Stapleton v. JPMorgan Chase Bank, N.A.*,
  779 F. Supp. 3d 1059 (N.D. Cal. 2025) .......................................................................................7

*Swarts v. Home Depot, Inc.*,
  689 F. Supp. 3d 732 (N.D. Cal. 2023) ..................................................................................12, 15

*Tavernetti v. Superior Ct.*,
  22 Cal. 3d 187, 583 P. 2d 737 (1978) .........................................................................................11

*United States v. Forrester*,
  512 F. 3d 500 (9th Cir. 2008) .....................................................................................................16

iv

*Valenzuela v. Keurig Green Mountain, Inc.*,
    674 F. Supp. 3d 751 (N.D. Cal. 2023) ...................................................................13

*Variety Media, LLC v. Superior Court*,
    Case No. 25STCV01865.................................................................................................1

*Wiley v. Universal Music Grp., Inc.*,
    No. 25- 03095, 2025 WL 3654085 (N.D. Cal. Dec. 17, 2025)....................................17

*Yumul v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1134 (C.D. Cal. 2010) .....................................................................7

**Statutes**

Cal. Penal Code § 630........................................................................................................*passim*

Cal. Penal Code § 631........................................................................................................*passim*

Cal. Penal Code § 631(a) ...................................................................................................*passim*

Cal. Penal Code § 638.50(b)..........................................................................................15, 16

Cal. Penal Code § 638.51(a) ...............................................................................................15

**Rules**

Fed. Rule of Civ. Proc.§ 9(b).............................................................................................*passim*

Fed. Rule of Civ. Proc. § 12(b)(6) ..........................................................................................6

**Other Authorities**

Kenneth Cole Productions, Inc., http//www.kennethcole.com (last visited March
    20, 2026) .....................................................................................................................3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs Jose Ortiz and John Inzalaco ("Plaintiffs") have filed this putative class action lawsuit against defendant Kenneth Cole Productions, Inc. ("KCP") based on purported violations of California's Invasion of Privacy Act ("CIPA"). CIPA—a criminal statute—was "enacted in 1967 to criminalize wiretapping and eavesdropping on confidential communications." *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1111 (N.D. Cal. 2025). However, in recent years, plaintiffs across the State have sought "to apply CIPA's already-obtuse language to new technologies" and hold companies liable for ordinary, everyday online interactions. *See id.* This is one such case.[2]

Plaintiffs contend KCP violated CIPA by causing cookies—small text files used by most websites—to be installed on their devices without their consent when they visited KCP's website. They do not maintain that the installation of cookies itself is unlawful. Plaintiffs instead contend that KCP caused "non-necessary" cookies to be installed on their devices even though they allegedly rejected such cookies on the website's pop-up cookie consent banner. Based on this purported unlawful conduct, Plaintiffs allege six claims for relief, none of which survive past the pleading stage for the following reasons.

**Plaintiffs' claims are time-barred.** As a preliminary matter, Plaintiffs' claims are barred by the applicable statutes of limitations. CIPA claims have a one-year statute of limitations and Plaintiffs' other claims have two-year and three-year statutes of limitations. Because Plaintiffs filed the Complaint on January 23, 2026, all of Plaintiffs' claims are untimely if they accrued prior to

---

[2]    As one court has already acknowledged, "[t]he language of CIPA is a total mess. … The state of affairs with CIPA is untenable. Courts are issuing conflicting rulings, and companies have no way of telling whether their online business activities will subject them to liability." *Eating Recovery Ctr. LLC*, 806 F. Supp. 3d at 1111. Both the California legislature and the California court of appeal have thus been asked "to bring CIPA into the modern age." *See id.* In January 2025, the California senate passed a bill that would exempt cookies and other Internet tracking technologies from CIPA if they are used for a "commercial business purpose." S.B. 690. And in November 2025, a petition for writ of mandate was filed with the California court of appeal, in which the court is being asked to determine whether section 638.51 of CIPA "applies to routine, ubiquitous software processes implemented by virtually all commercial websites." *Variety Media, LLC v. Superior Court*, Case No. 25STCV01865, Pet. For Writ of Mandate, 15 (Cal. App. Nov. 21, 2025).

January 23, 2023, which they did. Both Plaintiffs acknowledge visiting the website outside of the statutes of limitations. *See* Compl. ¶¶ 142, 154 (alleging visits on "one or more occasions during the last four years"). And Plaintiff Inzalaco alleges at least one visit in June 2022. *See id.* ¶ 154. As such, Plaintiffs' claims are time-barred on the face of the Complaint. Plaintiffs concede as much by attempting to allege the discovery rule and equitable tolling, but none of their allegations suffices.

**There was no invasion of Plaintiffs' privacy.** Plaintiffs' invasion of privacy and intrusion upon seclusion claims fail because they had no reasonable expectation of privacy in the data collected (e.g., IP addresses, browsing history, website interactions), and none of the purported misconduct was "highly offensive," as the website's use of cookies to collect this data is commonplace.

**KCP's purported cookie practice did not violate CIPA.** Plaintiffs' wiretapping CIPA claim fails because Plaintiffs did not plausibly plead direct or aiding-and-abetting liability under the statute. KCP cannot be directly liable because a "party" cannot eavesdrop on its own communications. And there is no predicate violation of section 630 that KCP could have aided and abetted. Plaintiffs offer no specific, factual allegations that their communications with KCP's website were intercepted while such communications were in transit. As to Plaintiffs' pen register CIPA claim, it should be dismissed because the cookies at issue are not "pen registers" and Plaintiffs offer no factual allegations of the specific "dialing, routing, addressing, or signaling information" that was purportedly tracked from their communications with KCP's website.

**Plaintiffs' remaining claims are deficient.** Plaintiff's fraud claim fails to satisfy the standard required by Rule 9(b) because Plaintiffs have not adequately pled the "when" of KCP's purported misconduct. Plaintiff's unjust enrichment claim is deficient because it is not a valid cause of action.

Plaintiffs have not stated and cannot state a claim for relief against KCP. Respectfully, the Court should grant KCP's motion and dismiss the Complaint with prejudice.

## II.    ISSUES TO BE DECIDED

1.    Whether all of Plaintiffs' claims for relief, which accrued prior to January 23, 2023, are barred by the applicable statutes of limitations.

2.    Whether Plaintiffs' first claim for invasion of privacy and second claim for intrusion upon seclusion fail as a matter of law where Plaintiffs had no reasonable expectation of privacy in their purported communications with the Website, and even if they did, any purported intrusion was not "highly offensive" in today's Internet-based society.

3.    Whether Plaintiffs' third claim for violation of section 631 of CIPA fails as a matter of law because KCP cannot be directly liable for eavesdropping on its own communications, and Plaintiffs have not alleged any predicate violations of section 631 for aiding-and-abetting liability.

4.    Whether Plaintiffs' fourth claim for violation of section 638.51 of CIPA fails as a matter of law because cookies are not "pen registers", and Plaintiffs have not alleged the specific "dialing, routing, addressing, or signaling information" that was purportedly tracked from their communications with KCP's website.

5.    Whether Plaintiffs' fifth claim for fraud fails as a matter of law because Plaintiffs have not sufficiently alleged damages, and have not satisfied the requirements of Rule 9(b).

6.    Whether Plaintiffs' sixth claim for unjust enrichment fails as a matter of law because it is not a valid cause of action, Plaintiffs have not plausibly alleged KCP was unjustly enriched at their expense, and Plaintiffs have not satisfied the requirements of Rule 9(b).

The answer to the first question is yes. The answer to the remaining five questions is no.

## III.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

KCP is a fashion retailer headquartered in New York, New York that sells men and women's apparel, shoes, and accessories. *See* Compl. ¶ 9. Like almost every retailer, KCP has a website—www.kennethcole.com—through which consumers can purchase KCP products (the "Website"). *Id*.[3] Plaintiffs are residents of California who purportedly visited the Website to "seek

---

[3]    The Website was operated by a third party (not KCP) during the alleged relevant time period.

3

and obtain information about Kenneth Cole products." *See* Compl. ¶¶ 7–8, 142, 154.[4]

### A.      Kenneth Cole's Website Uses Cookies

Similar to most websites, the Website uses cookies, small text files stored on a visitor's browser or device "to simplify and improve [a visitor's] usage and experience." Compl. ¶¶ 1–2. The Website's cookies include third-party cookies through which "Third Parties" such as Meta, Google, Microsoft, and TikTok allegedly "track and collect data in real time regarding Website visitors' behaviors and communications, including their browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data." *Id.* ¶¶ 3–4. According to Plaintiffs, the "Third Parties' cookies" enable third parties "to collect user data in real time that disclose Website visitors' Private Communications." *Id.* ¶ 44. These third parties then purportedly aggregate this data into user profiles that they "monetize [] for advertising, sales, and marketing purposes to generate revenue and target advertising to Internet users." *Id.* ¶ 48.

### B.      Plaintiffs Visited the Website at Unspecified Times Over a Four-Year Period During Which Cookies Were Purportedly Placed on Their Computers

Plaintiff Ortiz visited the Website "on one or more occasions during the last four years." Compl. ¶ 142. Plaintiff Inzalaco visited the Website "on one or more occasions during the last four years, including but not limited to, June 2022." *Id.* ¶ 154.

Plaintiffs contend that upon visiting the Website they were presented with a pop-up cookie consent banner. Compl. ¶¶ 38, 145, 157.  The pop-up informed Plaintiffs that the Website used cookies and provided them with the option to "OPT OUT" of or "ACCEPT" cookies. *Id.* ¶¶ 38, 145, 157. Plaintiffs allege that they then clicked "OPT OUT" and were presented with a second pop-up by which they could "Manage Cookie Settings." *Id.* ¶¶ 40, 146, 158. Plaintiffs allege that on this pop-up (and purportedly consistent with their typical practice), they deselected those cookies

---

[4]      Plaintiffs allege that they are not "a consumer advocate, a 'tester,' or a compliance auditor that visited the Website to test or evaluate Defendant's privacy practices." Compl. ¶¶ 143, 155. KCP reserves the right to challenge Plaintiffs' standing if it is later revealed that this allegation is false.

relating to "Analytics," "Marketing and Retargeting," and "Functionality." *Id*. ¶¶ 40, 146, 158. In other words, Plaintiffs contend they rejected all cookies "except those 'Necessary' for the Website to function." *Id*. ¶¶ 40, 146, 158. Plaintiffs then "continued browsing the Website," and although neither Plaintiff purchased a KCP product, both allegedly interacted with the Website by either clicking navigational links, entering search terms, viewing products, or adding items to their shopping cart. *Id.* ¶¶ 144, 148, 156, 160.

Plaintiffs contend KCP "did not abide by Plaintiff's [*sic*] and other users'" cookie selection preferences. Compl. ¶ 42. According to Plaintiffs, KCP "caused [] Third Parties' cookies to be placed on Website users' browsers and devices and/or transmitted to the Third Parties along with user data," even though "Plaintiff [*sic*] and other Website users adjusted settings in the [second pop-up] window to opt out or reject all cookies, expect 'Necessary' cookies." *Id*. ¶¶ 42–43. "In doing so, [KCP allegedly] permitted Third Parties to track and collection[sic] Plaintiff[s'] Private Communications as [they] browsed the Website." *Id*. ¶¶ 150, 162. Plaintiffs contend such actions constitute invasions of privacy, violations of CIPA, and fraud.

### C.    Plaintiff Inzalaco Files an Individual Arbitration with the AAA

On June 25, 2024, Plaintiff Inzalaco sent a demand letter to KCP. Compl., Ex. A n.1*; see also* Request for Judicial Notice ("RJN"), Ex. 1. Two months later, on September 6, 2024, Plaintiff Inzalaco filed a demand for arbitration with the American Arbitration Association (the "AAA") to determine whether his individual claims against KCP were arbitrable. Compl. ¶ 18; *id*., Ex. A. On June 12, 2025, KCP stipulated that the claims were not subject to the arbitration provision on the Website. *See* RJN, Ex. 2.[5] Five days later, on June 17, 2025, the arbitrator issued an order dismissing the arbitration for lack of jurisdiction. *Id.* The AAA subsequently closed the matter on July 1, 2025. Compl. ¶ 23. Plaintiff Inzalaco, however, did not immediately file this lawsuit. He waited another six months before filing the Complaint.

### D.    Plaintiffs File This Putative Class Action Lawsuit

Plaintiffs filed this putative class action lawsuit on January 23, 2026. They assert six claims

---

[5]    Although KCP stipulated that Plaintiff Inzalaco's claims are not subject to arbitration based on the facts presented in arbitration, KCP does not waive any issue as to arbitrability with respect to the putative class members' claims or Plaintiff Ortiz's claims should discovery reveal that such claims are subject to arbitration.

for relief in the Complaint: (1) invasion of privacy; (2) intrusion upon seclusion; (3) wiretapping in violation of section 631 of CIPA; (4) use of a pen register in violation of section 638.51 of CIPA; (5) common law fraud, deceit and/or misrepresentation; and (6) unjust enrichment. *See* Compl. ¶¶ 174–248.

## IV.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "'labels and conclusions'" or "'naked assertions' devoid of 'further factual enhancement'" do not suffice. *Id*. (quoting *Twombly*, 550 U.S. at 555, 557) (internal brackets omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Moreover, although a plaintiff's allegations are generally taken as true, "[t]he court need not [] accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

To the extent a plaintiff's claims sound in fraud, the complaint must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires that the "complaint [] 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Salameh v. Tqrsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted).

## V.    THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

### A.    Plaintiffs' Claims Are Time-Barred

All of Plaintiffs' claims are barred by the applicable statutes of limitations. CIPA claims have a one-year statute of limitations, *Shah v. Politico LLC*, No. 25-05213, 2026 WL 323269, at

*6 (N.D. Cal. Feb. 6, 2026); invasion of privacy and intrusion upon seclusion claims have a two-year statute of limitations, *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1069 (N.D. Cal. 2021); and fraud and unjust enrichment claims have a three-year statute of limitations, *Stapleton v. JPMorgan Chase Bank, N.A.*, 779 F. Supp. 3d 1059, 1073 (N.D. Cal. 2025). Plaintiffs' claims accrued when they visited the Website and cookies were purportedly placed on their devices. *See, e.g.*, *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 136 (N.D. Cal. 2020). Since this case was filed on January 23, 2026, all of Plaintiffs' claims are untimely if they accrued prior to January 23, 2023. They did. Plaintiffs have failed to allege an actionable visit within the statutes of limitations.

**Plaintiff Ortiz.** Plaintiff Ortiz alleges he visited the Website on "one or more occasions" during the last "four years." Compl. ¶ 142; *see also id*. ¶ 144 (discussing what he did "during the course of [his] visits to the Website"). By alleging multiple visits during a four-year period, Plaintiff Ortiz acknowledges a visit of at least four years prior to the complaint being filed on January 23, 2026. He tries to invoke the discovery rule to save his untimely claims by alleging he did not "learn[] of Defendant's privacy violations" until he retained counsel. *See id.* ¶ 15. But it is when the plaintiff "has notice or information of circumstances to put a reasonable person *on inquiry*"— *i.e.*, when Plaintiff Ortiz had inquiry notice cookies were installed on his device even though he purportedly opted out—"not [the] legal significance [of such facts], that starts the statute [of limitations]." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111–13 (1988); *see also Gutierrez v. Mofid*, 39 Cal. 3d 892, 898 (1985) ("It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action . . . the fact that an attorney has not yet advised him does not postpone commencement of the limitations period.").[6] And regardless, Plaintiff Ortiz does not allege *when* he retained counsel and thus fails to allege sufficient facts for the discovery rule to apply. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808, (2005) (plaintiff "must *specifically plead* facts to show [] the *time* and manner of discovery" to "rely on the discovery rule for delayed accrual of a cause of action") (emphases added); *Yumul v. Smart Balance, Inc.*, 733 F.

---

[6]    Plaintiff Ortiz should have been on inquiry notice upon his visit to the Website or shortly thereafter given that he alleges reviewing the Website's cookie notices and that such notices disclosed the Website's use of cookies. *See* Compl. ¶¶ 38–39, 145–46.

7

Supp. 2d 1134, 1143–44 (C.D. Cal. 2010) ("[Plaintiff] has not alleged in any form the manner of her discovery, her complaint does not adequately plead tolling under the delayed discovery rule").

**Plaintiff Inzalaco.** Plaintiff Inzalaco alleges he visited the Website on "one or more occasions" during the "four years" preceding the filing of the Complaint, including specifically in "June 2022"—three and a half years before he filed this lawsuit. Thus, all of his claims are time-barred on the face of the Complaint.

Plaintiff Inzalaco contends his claims are nonetheless timely because he did not discover KCP's purported privacy violations until he retained counsel. But this argument fails for the same reason it did for Plaintiff Ortiz. And even assuming it were sufficient, the latest date on which Plaintiff Inzalaco's claims could have accrued is June 25, 2024, the date on which his counsel sent KCP a demand letter. *See* Compl., Ex. A n.1*;* RJN, Ex. 1. This was over two and a half years prior to the date the Complaint was filed on January 23, 2026. Accordingly, the discovery rule cannot save Plaintiff Inzalaco's CIPA, invasion of privacy, and intrusion upon seclusion claims.

Plaintiff Inzalaco also attempts to save his untimely claims by alleging they were equitably tolled by his "related arbitration proceedings." *See* Compl. ¶¶ 16–24. Equitable tolling "is a narrow remedy" that applies "only occasionally and in special situations" when three elements are present: (1) timely notice; (2) lack of prejudice to the defendant; and (3) reasonable and good faith conduct on the part of the plaintiff. *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020) (quotation marks and citation omitted). Plaintiff here fails to allege the third element— that his delay in filing this lawsuit was reasonable. *See Pemberton v. Rest. Brands Int'l, Inc.*, No. 25-03647, 2025 WL 3268404, at *6 (N.D. Cal. Nov. 24, 2025) ("a plaintiff's reasonable promptness in refiling is necessary for relief"). His arbitration was dismissed on June 17, 2025, but he did not file his Complaint until January 23, 2026. Plaintiff does not (nor can he) explain how this six-month delay was reasonable. *See, e.g.*, *Kolani v. Gluska*, 64 Cal. App. 4th 402, 410 (1998) ("the leading cases finding an equitable tolling have involved short intervals between dismissal and refiling") (collecting cases); *Darnaa, LLC v. Google, Inc.*, No. 15-03221, 2016 WL 6540452, at *5 (N.D. Cal. Nov. 2, 2016) (finding plaintiff's ten-month delay "suggests unreasonable conduct"). As such, none of Plaintiff Inzalaco's claims was equitably tolled by the "related arbitration proceedings."

DEFENDANT KENNETH COLE PRODUCTIONS, INC.'S MOTION TO DISMISS COMPLAINT

*See Pemberton*, 2025 WL 3268404 at *6 ("Plaintiff is not entitled to equitable tolling because no complaint allegations support an inference of reasonable and good faith conduct in waiting nine and a half months—from July 9, 2024, when the arbitrator ruled a court needed to determine whether an arbitration agreement existed, until April 25, 2025—to file his complaint in this Court."); *de Ayora v. Inspire Brands, Inc.*, No. 25-03645, 2025 WL 3707561, at *6 (N.D. Cal. Dec. 22, 2025) (finding equitable tolling did not toll CIPA claim where plaintiff pled "no facts in her complaint [] that waiting a further eight months to file or join suit after receiving an arbitration decision can support a claim of good faith and reasonableness").

### B.    Plaintiffs' Invasion of Privacy and Intrusion Upon Seclusion Claims Fail as a Matter of Law

Plaintiffs allege two privacy claims, one for invasion of privacy and one for intrusion upon seclusion. To state a claim for invasion of privacy, Plaintiffs must allege: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) an intrusion "so serious in 'nature, scope, and actual or potential impact as to constitute an egregious breach of the social norms.'" *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009) (citation omitted); *see also In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). For intrusion upon seclusion, Plaintiffs must allege: (1) an intentional intrusion "into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy"; and (2) the intrusion occurred in a "manner highly offensive to a reasonable person." *Hernandez*, 47 Cal. 4th at 286.

These two claims "'are not unrelated' under California law." *Hernandez*, 47 Cal. 4th at 286 (citation omitted). Where, as here, the two claims are brought together in the same case, courts conduct a combined inquiry considering "(1) the nature of any intrusion upon reasonable expectations of privacy, and (2) the offensiveness or seriousness of the intrusion, including any justification and other relevant interests." *Id.* at 288; *see also In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 601 ("Because of the similarity of the tests, courts consider the claims together and ask whether: (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive."). Plaintiffs failed to adequately plead either of the required elements.

Plaintiffs' privacy claims fail because they had no reasonable expectation of privacy in the

circumstances. *See In re Facebook Tracking Litig.*, 263 F. Supp. at 846. "A 'reasonable' expectation of privacy is an objective entitlement founded on broadly based and widely accepted community norms." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994). Here, Plaintiffs had no reasonable expectation of privacy in "their browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data." *See, e.g.*, Compl. ¶¶ 176, 179, 188, 191. None of this information is "embarrassing, invasive, or otherwise private" such that a reasonable person would expect privacy. *See Popa v. Microsoft Corp.*, 153 F. 4th 784, 791 (9th Cir. 2025) (concluding "over 30 different categories" including "a user's mouse movements " and "text inputted by the user on the website" were not "otherwise private"); *see also Dawidzik v. Tesla, Inc.*, No. 25-01982, 2025 WL 3786963, at *4 (C.D. Cal. Dec. 29, 2025) (finding no "'objectively reasonable' expectation of privacy" in data collected by website tracking pixels, including "'referring URLs, unique identifiers (such as cookies and ad IDs), and geolocation based on IP'"); *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1089 (N.D. Cal. 2022) ("there is no reasonable expectation of privacy when the data collection is within users' common-sense expectation or when the information is not sensitive").

KCP is a fashion retailer. Any interactions Plaintiffs purportedly had with the Website involve shopping preferences or potential purchases. Such browsing is no different from walking into a brick-and-mortar store and looking at racks of clothing or rows of shoes. "Indeed, the monitoring of [Plaintiffs'] interactions with [KCP's] website seems most similar to a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales." *Popa*, 153 F. 4th at 791. There is clearly no reasonable expectation of privacy to these in-person "communications," and thus there cannot be for online "communications" either.

Even if Plaintiffs had a reasonable expectation of privacy in the data at issue, Plaintiffs' claims would still fail because nothing KCP is alleged to have done can be considered "highly offensive to a reasonable person." Courts regularly hold that "data collection and disclosure to third parties that is 'routine commercial behavior' is not a 'highly offensive' intrusion of privacy."

*Hammerling*, 615 F. Supp. 3d at 1090 (collecting cases). And Plaintiffs' own allegations confirm that the Website's use of cookies is commonplace: "*Like most internet websites*, Defendant designed the Website to include resources and programming scripts from third parties that cause those parties to place cookies and other similar tracking technologies on visitors' browsers and devices and/or transmit cookies along with user data." Compl. ¶ 2 (emphasis added). "Contemporary internet browsing involves the collection of users' data, including by tracking users across the internet, *and a reasonable user should expect as much*. *Hubbard v. Google LLC*, No. 19-07016, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) (emphasis in original). As such, Plaintiffs cannot plausibly allege that the purported collection of their data was "highly offensive." Plaintiffs' invasion of privacy and intrusion upon seclusion claims should be dismissed.

### C.    Plaintiffs' "Wiretapping" CIPA Claim Fails as a Matter of Law

Section 631 of CIPA prohibits "three distinct and mutually independent patterns of conduct: intentional wiretapping, willfully attempting to learn the contents or meaning of a communication in transit over a wire, and attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192, 583 P. 2d 737 (1978); Cal. Penal Code § 631(a). This section also prohibits a person from aiding another in violation of the three prior bases for liability. Cal. Penal Code § 631(a). It is unclear from the Complaint whether Plaintiffs seek to hold KCP liable for directly violating Section 631(a) or for aiding a third party's purported violation. Regardless, as explained next, Plaintiffs fail to state a claim for relief.

#### 1.    As a "party" to the purported communications, KCP cannot be held directly liable under Section 631.

Section 631 contains "an exemption from liability for a person who is a 'party' to the communication, whether acting under the color of law or not." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F. 3d 589, 607 (9th Cir. 2020). In other words, because a party to a communication cannot "eavesdrop" on its own communications, the "party exception" exempts from liability a "party" that cannot be characterized as a "third-party eavesdropper." *Rodriguez v. Ford Motor Co.*, No. 23-598, 2024 WL 4957566, at *5 (S.D. Cal. Dec. 3, 2024); *see also Cody v. Ring LLC*, 718 F. Supp. 3d 993, 998 (N.D. Cal. 2024) ("Section 631 of California Penal Code

'appl[ies] only to eavesdropping by a third party and not to recording by a participant to a conversation.'") (citation omitted); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 744 (N.D. Cal. 2023) ("it is established that a party to the communication cannot be liable for recording its own conversations under § 631(a)"). Here, the communications at issue are those Plaintiffs purportedly had with KCP's Website. *See, e.g.*, Compl. ¶¶ 32, 34, 142–44, 154–56.  KCP was a party to those communications. As such, KCP falls within the party exemption, and thus direct liability under section 631 is inapplicable. *See Brodsky*, 445 F. Supp. 3d at 127 ("Apple cannot intercept communications to which Apple is already a party [and] [t]hus, Plaintiffs have not alleged a violation of the CIPA.").

**2.      Plaintiffs have not plausibly alleged a predicate violation of Section 631 for an aiding-and-abetting claim**

To state a claim for aiding and abetting a violation of section 631, a plaintiff must allege the third party "has violated one of the first three clauses of section 631(a), and that [d]efendant aided, agreed with, employed, or conspired with that person or entity to commit those unlawful acts." *Esparza v. UAG Escondido A1 Inc.*, No. 23-102, 2024 WL 559241, at *2 (S.D. Cal. Feb. 12, 2024); *see also Cody*, 718 F. Supp. 3d at 1003 (dismissing aiding-and-abetting section 631(a) claim where plaintiff "fail[ed] to establish an underlying third-party violation"); *People v. Perez*, 35 Cal. 4th 1219, 1225 (2005) ("absent proof of a predicate offense, conviction on an aiding and abetting theory cannot be sustained"). Plaintiffs have not made the requisite showing.

a.      *Plaintiffs have not alleged a violation of the first clause because that clause is inapplicable to Internet communications.*

The first clause of section 631(a) prohibits a person "who by means of any machine … intentionally taps, or makes any unauthorized connection … with any *telegraph or telephone* wire, line, cable, or instrument." Cal. Penal Code § 631(a) (emphasis added). "Courts have uniformly interpreted this clause as applying only to communications transmitted over telephones and not those transmitted over the internet." *Swarts*, 689 F. Supp. 3d at 744–45 (citing cases); *see also Cody*, 718 F. Supp. 3d at 999 ("Clause one of Section 631(a) prohibits telephonic wiretapping,

which does not apply to the internet, and so cannot support [Plaintiff's] claims.").[7] Plaintiffs allege only communications that were transmitted over the Internet, *see, e.g.*, Compl. ¶ 34, 43, and thus cannot assert a violation of the first clause of section 631(a). *See, e.g.*, *Gutierrez v. Converse Inc.*, Case No. 24-4797, 2025 WL 1895315, at *1 (9th Cir. July 9, 2025) (affirming dismissal of claim under the first clause of Section 631(a) because the first clause does not apply to internet communications); *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1123 n. 8 (C.D. Cal. 2024) (same).

      b.      *Plaintiffs have not alleged a violation of the second clause because they offer no factual allegations that any of their purported communications were intercepted "while" in transit.*

The second clause of section 631(a) bars a person from "willfully and without the consent of all parties to the communication" "read[ing], or attempt[ing] to read, or to learn the contents" of a "communication" while the communication is in "transit." Cal. Penal Code § 631; *see also de Ayora v. Inspire Brands, Inc.*, No. 25-03645, 2025 WL 3707561, at *7 (N.D. Cal. Dec. 22, 2025) (the second clause "requires showing that, without consent, an entity read or attempted to read the contents of a message while the message was in transit"). Plaintiffs have failed to make the required showing because they do not plead any factual allegations that the "Third Parties" intercepted their communications with KCP *while* those communications were in transit.

To plausibly plead a violation of the second clause of section 631(a), the plaintiff must demonstrate the purported interception was "contemporaneous with the sending or receipt of [their] message." *Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 759 (N.D. Cal. 2023). "In other words, only 'acquisition contemporaneous with transmission' is cognizable" for a claim. *de Ayora*, 2025 WL 3707561, at *7 (citation omitted); *see also Heiting*, 728 F. Supp. 3d 1112, 1125 (C.D. Cal. 2024) ("the allegations must demonstrate a party intercepted the communication during its transmission, rather than once it was placed in electronic storage").

Here, Plaintiffs offer no specific, factual allegations that any of the "Third Parties" intercepted their communications with the Website while such communications were in transit.

_____

[7]    The cases that Plaintiffs cite in paragraph 203 of the Complaint are inapposite because they do not concern the first clause of section 631(a).

DEFENDANT KENNETH COLE PRODUCTIONS, INC.'S MOTION TO DISMISS COMPLAINT

Plaintiffs allege KCP "surreptitiously causes" "Third Parties" to "place and/or transmit cookies that track users' website browsing activities and intercepted their private communications on the Website." Compl. ¶ 3. They further allege the "cookies permitted the Third Parties to track and collect data in real time." *Id.* ¶ 4. But nowhere in their Complaint do Plaintiffs explain the method by which, or when exactly, any of the Third Parties acquired, read, or attempted to read their communications with the Website while in transit. *See Heiting*, 728 F. Supp. 3d at 1126 ("To plausibly allege that Plaintiff's communications were intercepted while in transit, factual allegations regarding the method, or nature, of interception are required."); *de Ayora*, 2025 WL 3707561, at *7 (dismissing claim where there were no factual allegations of "how the software works or how the interception occurs"). Plaintiffs' conclusion that "the Third Parties … read, attempted to read, and/or learned the contents" of "electronic communications … while [they] were in transit" does not suffice. Compl. ¶ 208; *see, e.g.*, *Ayora*, 2025 WL 3707561, at *7 ("Plaintiffs' mere assertion that Defendants or third parties acquire the communications contemporaneously, without factual support, is insufficient to survive Defendants' motion to dismiss.").[8] Nor does Plaintiffs' repeated assertion that the "Third Parties'" alleged interceptions occurred in "real time." Compl. ¶¶ 4, 32, 44; *see, e.g.*, *Rodriguez*, 2022 WL 214552, at *2 ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting their data in transit."); *Cody*, 718 F. Supp. 3d at 1001 (finding plaintiff's "conclusory allegation" that the "third party's application program is 'plugged into' Ring's website and allows chats to be routed 'in real time ... as they occur'" was insufficient). Courts have routinely dismissed section 631(a) under the same circumstances, *see, e.g.*, *de Ayora*, 2025 WL 3707561, at *7; this Court should do the same.[9]

---

[8]    Indeed, there is no factual allegation that any of the "Third Parties" "read, or attempt[ed] to read, or to learn the contents" of Plaintiffs' communications with the Website prior to KCP having received them. *See Eating Recovery Ctr. LLC*, 806 F. Supp. 3d at 1117–18 (holding that CIPA Section 631(a)(2) "did not cover interception of a communication with the intent to learn its contents later").

[9]    Plaintiffs also fail to establish a violation under the second clause to the extent they have not plausibly alleged the "*contents*" of their communications were intercepted while in transit. *See* Cal. Pen. Code § 631(a); *Brodsky*, 445 F. Supp. 3d at 127.

14

       c.       *Plaintiffs have not alleged a violation of the third clause because there was no violation of the first clause or the second clause.*

"A violation under the third clause of § 631(a) is contingent upon a finding of a violation of the first or second clause of § 631(a)." *Swarts*, 689 F. Supp. 3d at 744; *see also Cody*, 718 F. Supp. 3d at 1003 (N.D. Cal. 2024) (finding plaintiff failed to allege a violation of the third clause of section 631(a) where he did not plausibly plead a violation of the first or second). Because Plaintiffs have failed to plausibly plead a violation of the first and second clauses of section 631(a), *supra* Sections IV.C.2.a–b, they have failed to plead a violation of the third clause as well.

### D.      Plaintiffs' "Pen Register" CIPA Claim Fails as a Matter of Law

Section 638.51 prohibits a person from "install[ing] or us[ing] a pen register … without first obtaining a court order." Cal. Penal Code § 638.51(a). A "pen register" is "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b). Here, Plaintiffs allege the "Third Parties' cookies and corresponding software code installed by [KCP] on its Website are each 'pen registers.'" Compl. ¶ 220. They further allege that since the "cookies and corresponding software code" are pen registers, KCP violated section 638.51 because KCP "caused" the cookies and software "to be placed on Plaintiffs' and Class members' browsers and devices, and/or to be used to transmit Plaintiffs' and Class members' IP address and user-agent information." *Id.* ¶ 221. This claim should be dismissed for two reasons.

*First*, Plaintiffs have failed to plausibly plead that the "cookies and corresponding software code" are pen registers. Plaintiffs simply track the statutory language and conclude they are "pen registers" because they are "'device[s] or process[es]' that 'capture[d]' the 'routing, addressing, or signaling information' [] from the electronic communications transmitted by Plaintiffs' and the Class's computers or devices." Compl. ¶ 220; *Licea v. Old Navy, LLC*, 669 F. Supp. 3d 941, 947 (C.D. Cal. 2023) (dismissing CIPA claims that were "too vague and conclusory"). But Plaintiffs offer no factual allegations supporting this conclusion. Nor can they. The statute's use of the phrase "from which" contemplates a "device or process" that records *outgoing information*. *See* Cal. Penal Code § 638.50(b). This makes sense given that a pen register historically has been a "device that

records numbers *dialed from* a phone line." *United States v. Forrester*, 512 F. 3d 500, 509 (9th Cir. 2008) (emphasis added); *see also People v. Blair*, 25 Cal. 3d 640, 654, (1979) (same); *Smith v. Maryland*, 442 U.S. 735 (1979) (a pen register "is usually installed at a central telephone facility (and) records on a paper tape all numbers dialed from (the) line' to which it is attached"). Assuming here that pen registers can include internet-based technology (and they arguably do not), "[t]he analog of the number dialed by a telephone [] is the IP address and related information of a website accessed by a computer - but not the computer's own IP address or identifying information." *Aviles v. Liveramp, Inc.*, No. 24STCV19869, 2025 WL 487196, at *2 (Cal. Super. Jan. 28, 2025); *see also Palacios v. Fandom, Inc.*, No. 24STCV11264, 2024 WL 5494527, at *3 (Cal. Super. Sep. 24, 2024) (same). Plaintiffs here contend visitors' IP addresses and "user-agent information" were recorded from their communications with the Website, *not* "the outgoing addressing information from visitors' devices or browsers." *Aviles*, 2025 WL 487196, at *2 (sustaining demurrer where plaintiff "has not alleged the use of a pen register").  The cookies at issue purportedly captured a visitor's own device identity and thus cannot not be the "dialing, routing, addressing, or signaling" of an outgoing communication.

What is more, Plaintiffs' own allegations also negate any claim that the "cookies and corresponding software code" are pen registers because Plaintiffs contend they also tracked "contents." The statutory definition of "pen register" expressly excludes a "device or process" that "records" the "contents of a communication." Cal. Penal Code § 638.50(b). And here, Plaintiffs repeatedly allege the Third Parties' cookies tracked the "'*contents*' of [visitors'] electronic communications," including "browsing history," "website interactions," and "shopping behaviors." Compl. ¶ 209 (emphasis added); *see also id.* ¶¶ 4, 32, 33, 34, 41, 44, 47; *Brodsky*, 445 F. Supp. 3d at 127. As such, Plaintiffs cannot plausibly plead the cookies and software code are pen registers. *See Price v. Headspace, Inc.*, No. 24STCV19921, 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025) (sustaining demurrer as to plaintiff's section 638.51 claim because TikTok software that captures the "content" of communications "is definitionally not a trap and trace device").

*Second*, even assuming the "Third Parties' cookies and corresponding software code" are pen registers under section 638.51, Plaintiffs have failed to plausibly plead a claim because the

Complaint has no factual allegations of the "specific 'dialing, routing, addressing, or signaling information'" that was purportedly tracked from Plaintiffs' communications with the Website. *See Wiley v. Universal Music Grp., Inc.*, No. 25- 03095, 2025 WL 3654085, at *9 (N.D. Cal. Dec. 17, 2025). Plaintiffs merely allege the information tracked "include[s] the IP address and user-agent information [] from the electronic communications transmitted by Plaintiffs' and the Class's computers or devices." Compl. ¶ 220. They do not identify the specific IP address or "user-agent information" that was purportedly tracked. As such, Plaintiffs have failed to state a claim for relief and their section 638.51 claim should be dismissed. *See D'Antonio v. Smith & Wesson Inc.*, No. 25-03085, 2026 WL 446310, at *5 (N.D. Cal. Feb. 17, 2026) (dismissing pen register claim where plaintiffs failed to allege "the specific 'dialing, routing, addressing, or signaling information' for outgoing communications that was tracked"); *Wiley*, 2025 WL 3654085, at *9 (same)

### E.    Plaintiffs' Fraud Claim Fails as a Matter of Law

To state a claim for fraud under California law, Plaintiffs must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *D'Antonio v. Smith & Wesson Inc.*, No. 25- 03085, 2026 WL 446310, at *5 (N.D. Cal. Feb. 17, 2026) (quotation marks and citation omitted). And as set forth above, Plaintiffs must also meet the "specificity required of Rule 9(b)." *Id*. (quotation marks and citation omitted). Plaintiffs' claim should be dismissed for at least two reasons.

*First*, Plaintiffs have failed to plausibly allege that they suffered any damages because they have not pled that they suffered actual monetary loss due to KCP's alleged fraud. *See McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1016 (C.D. Cal. 2020) (Under California law, "a plaintiff must suffer actual monetary loss to recover on a fraud claim."). Plaintiffs contend they have "suffered harm in the form of diminution of the value of their private and personally identifiable information and communications" (Compl. ¶ 232) but fail to provide any factual allegations regarding how KCP's purported fraud diminished the value of their information in any way. Without these allegations, Plaintiffs' alleged harm is "too remote, speculative or uncertain" to state a claim for fraud. *See Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1064 (2012).

*Second*, Plaintiffs have failed to meet the requirements of Rule 9(b). They have inadequately pled the "when" of KCP's purported misconduct. Both Plaintiffs allege that they visited the Website "on one or more occasions during the last four years." *See* Compl. ¶¶ 142, 154. But "[t]his level of generality fails to provide [KCP] with adequate notice," especially where, as here, the Website has changed over time. *See D'Antonio*, 2026 WL 446310, at *5. Plaintiffs' fraud claim should therefore be dismissed. *See, e.g., id.* (dismissing fraud claim where plaintiff merely alleged "she visited Smith & Wesson's website in or around 2024"); *de Ayora*, 2025 WL 3707561, at *4 (dismissing fraud claim where plaintiffs pled "visiting Defendants' websites during the [four-year] class period").

### F.    Plaintiffs' Unjust Enrichment Claim Fails as a Matter of Law

Plaintiffs' unjust enrichment claim should be dismissed for three reasons. *First*, Plaintiffs' unjust enrichment claim fails because unjust enrichment does not exist as a valid cause of action. *See Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("there is no cause of action in California for unjust enrichment"); *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("Unjust enrichment is not a cause of action[.]").

*Second*, to the extent Plaintiffs allege restitution based on a theory of unjust enrichment, Plaintiffs must show that KCP "received and unjustly retained a benefit at [their] expense." *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023). Plaintiffs' conclusory allegations that they are entitled to "disgorgement of profits made by Defendant as a result of its intrusions upon Plaintiffs' and Class members' privacy" (Compl. ¶¶ 184, 194) do not suffice. "Restitution is not mandated merely because [KCP purportedly] realized a gain at [Plaintiffs'] expense." *Russell*, 680 F. Supp. 3d at 1133.

*Third*, to the extent Plaintiffs contend "[u]njust enrichment permits recovery when a claim [is brought] that a defendant has been unjustly conferred a benefit through [] fraud," *de Ayora*, 2025 WL 3707561, at *4 (quotation marks and citation omitted), their claim fails. An unjust enrichment claim sounding in fraud must satisfy Rule 9(b). *See Puri v. Khalsa*, 674 F. App'x 679, 690 (9th Cir. 2017). For the reasons discussed above, Plaintiffs have failed to meet this standard, and thus their unjust enrichment claim should be dismissed. *See, e.g., de Ayora*, 2025 WL 3707561, at *4 (dismissing unjust enrichment claim where plaintiffs "failed to adequately plead under Rule 9(b)

and therefore have not 'establish[ed] the requisite relationship' between their fraud and unjust enrichment claims") (citation omitted); *B.K. v. Desert Care Network*, No. 23-05021, 2024 WL 1343305, at *11 (C.D. Cal. Feb. 1, 2024) (same).

**VI.     CONCLUSION**

For the foregoing reasons, Plaintiffs failed to state any claim for relief. The Complaint should be dismissed.

Respectfully submitted,

Dated: March 23, 2026                    **KATTEN MUCHIN ROSENMAN LLP**

By: /s/ Stuart M. Richter _____

*Attorneys for Defendant Kenneth Cole Productions, Inc.*

DEFENDANT KENNETH COLE PRODUCTIONS, INC.'S MOTION TO DISMISS COMPLAINT