Stuart M. Richter (SBN 126231)
stuart.richter@katten.com
Camille A. Brooks (CA 307859)
camille.brooks@katten.com
Asena Baran (SBN 342626)
asena.baran@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: 310.788.4400
Facsimile: 310.788.4471

*Attorneys for Defendant Kenneth Cole Productions, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO COURTHOUSE)**

JOHN INZALACO and JOSE ORTIZ, an individual, on behalf of themselves, the general
public, and those similarly situated,

Plaintiffs,

v.

KENNETH COLE PRODUCTIONS, INC.,

Defendant.

Case No. 3:26-cv-00771-TLT

Honorable Trina L. Thompson

**DEFENDANT KENNETH COLE PRODUCTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Complaint Filed: January 23, 2026

Date: To be set by the Court
Time: To be set by the Court
Place: Courtroom 9

# TABLE OF CONTENTS

Page

I. Summary of Reply ....................1

II. The Complaint Should Be Dismissed under Rule 12(b)(6) for Failure to State a Claim .....2

A. Plaintiffs' Claims Are Time-Barred....................2

B. Plaintiffs' Invasion of Privacy and Intrusion Upon Seclusion Claims Fail as a Matter of Law....................3

C. Plaintiffs' Claim for Violation Section 631 of CIPA Should be Dismissed.............5

1. Plaintiffs concede KCP is not directly liable under Section 631 ..................5

2. Plaintiffs have not plausibly alleged a predicate violation of Section 631 for an aiding-and-abetting claim....................6

a. *Plaintiffs have not alleged a violation of the first clause because that clause is inapplicable to internet communications.* 6

b. *Plaintiffs have not alleged a violation of the second clause because they offer no factual allegations that any of their purported communications were intercepted "while" in transit.* 6

c. *Plaintiffs have not alleged a violation of the third clause.* 8

D. Plaintiffs' "Pen Register" CIPA Claim Fails as a Matter of Law.............................8

E. Plaintiffs' Fraud Claim Fails as a Matter of Law ....................10

F. Plaintiffs' Unjust Enrichment Claim Fails as a Matter of Law ....................11

III. CONCLUSION....................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aviles v. Liveramp, Inc.*,
Case No. 24STCV19869, 2025 WL 487196 (Cal. Super. Jan. 28, 2025)....9

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020)....7, 9

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024)....5, 6, 7, 8

*D'Antonio v. Smith & Wesson Inc.*,
Case No. 25-CV-03085-PCP, 2026 WL 446310 (N.D. Cal. Feb. 17, 2026)....8

*Dawidzik v. Tesla, Inc.*,
Case No. EDCV 25-01982-KK-SPx, 2025 WL 3786963 (C.D. Cal. Dec. 29, 2025)....5

*de Ayora v. Inspire Brands, Inc.*,
No. 25-03645, 2025 WL 3707561 (N.D. Cal. Dec. 22, 2025).... *passim*

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025)....1

*Esparza v. UAG Escondido A1 Inc.*,
No. 23-102, 2024 WL 559241 (S.D. Cal. Feb. 12, 2024)....6

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (2005)....2

*Garcia v. Blackhawk Network, Inc.*,
Case No. 2:25-CV-07550-JLS-SSC, 2026 WL 925028 (C.D. Cal. Apr. 1, 2026)....1, 4

*Hartranft v. Encore Cap. Grp., Inc.*,
543 F. Supp. 3d 893 (C.D. Cal. 2021)....5, 6

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024)....6, 7

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009)....3

*In re Apple Data Priv. Litig.*,
Case No. 5:22-cv-07069-EJD, 2026 WL 146025 (N.D. Cal. Jan. 20, 2026)....9, 10

*Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209 (S.D. Cal. 2012) ........ 11

*Magliocca v. United Healthcare Servs.*, Case No. 2:25-cv-3388 WBS SCR, 2026 WL 878694 (E.D. Cal. Mar. 30, 2026) ........ 5

*McBride v. Boughton*, 123 Cal. App. 4th 379 (2004) ........ 11

*McGowan v. Weinstein*, 505 F. Supp. 3d 1000 (C.D. Cal. 2020) ........ 10

*MGA Entm't, Inc. v. Mattel, Inc.*, 41 Cal. App. 5th 554 (2019) ........ 2

*Mills v. Forestex Co.*, 108 Cal. App. 4th 625 (2003) ........ 3

*Mirmalek v. L.A. Times Comm'ns LLC*, Case No. 24-cv-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) ........ 10

*Palacios v. Fandom, Inc.*, Case No. 24STCV11264, 2024 WL 5494527 (Cal. Super. Sep. 24, 2024) ........ 9

*Popa v. Microsoft Corp.*, 153 F. 4th 784 (2025) ........ 4

*Price v. Headspace, Inc.*, Case No. 24STCV19921, 2025 WL 1237977 (Cal. Super. Apr. 01, 2025) ........ 10

*Puri v. Khalsa*, 674 F. App'x 679 (9th Cir. 2017) ........ 11

*Rodriguez v. Brushfire Recs.*, Case No. 2:25-cv-09797-CAS-PDx, 2025 WL 3692144 (C.D. Cal. Dec. 15, 2025) ........ 4

*Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ........ 7

*Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130 (N.D. Cal. 2023) ........ 11

*Shah v. Fandom, Inc.*, Case No. 24-cv-01062-RFL, 2024 WL 4539577 (N.D. Cal. Oct. 21, 2024) ........ 10

*Shah v. MyFitnessPal, Inc.*, Case No. 25-cv-04430-PCP, 2026 WL 216334 (N.D. Cal. Jan. 27, 2026) ........ 4

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) ....................5, 6, 8

*United States v. Forrester*,
512 F. 3d 500 (9th Cir. 2008) ....................9

*Wiley v. Universal Music Grp.*,
Case No. 25-cv-03095-PCP, 2025 WL 3654085 (N.D. Cal. Dec. 17, 2025) ....................4

**Statutes**

Cal. Penal Code § 631 ....................5, 6, 8

Cal. Penal Code § 638.50 ....................8

**Rules**

Rule 9(b) ....................2, 10, 11

Rule 12(b)(6) ....................2

## I. SUMMARY OF REPLY

Plaintiffs have failed to state any claim for relief against KCP.[1] Their six claims are focused on KCP's purported violation of CIPA—a criminal statute—that was "enacted in 1967 to criminalize wiretapping and eavesdropping on confidential communications." *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1111 (N.D. Cal. 2025). But, as explained in KCP's opening brief, and as Plaintiffs' Opposition confirms, this Court should not "apply CIPA's already-obtuse language" to hold KCP liable for voluntary, everyday online interactions on its retail Website. *Id*. at 1112.

Plaintiffs' claims for invasion of privacy and intrusion upon seclusion fail because no purported intrusion was "highly offensive." Recent caselaw confirms Plaintiffs cannot rely on alleged inaccuracies in a cookie consent banner, standing alone, to establish the "highly offensive" element, particularly where, as here, the information allegedly transmitted concerns routine retail website interactions and not intimate, sensitive, or wide-reaching personal data. *See Garcia v. Blackhawk Network, Inc.*, Case No. 2:25-CV-07550-JLS-SSC, 2026 WL 925028, *6 (C.D. Cal. Apr. 1, 2026) ("Plaintiff has not made any allegations that the information collected, or its reach, would have been highly offensive" to sufficiently assert a privacy violation because "Plaintiff identifies no embarrassing, invasive, or otherwise private information that was shared").

As to their Section 631(a) CIPA claim, Plaintiffs concede KCP cannot be directly liable for alleged violations of the statute. They also have failed to establish any predicate violation for an aiding-and-abetting claim. In their Opposition, Plaintiffs do not point to any factual allegations that establish their communications with KCP's Website were intercepted while such communications were in transit. Their conclusory allegations of "real time" interception do not suffice.

For their Section 638.50 CIPA claim, Plaintiffs do not dispute that based on their allegations, the Website's cookies—the purported "pen register"—tracked their *incoming* communications with the Website and the *contents* of those communications, which preclude the cookies from qualifying as a pen register within the meaning of the statute.

[1] The defined terms used in this Reply have the same meaning as in the underlying Motion.

Plaintiffs' remaining claims for fraud and unjust enrichment fail because they have failed to, among other things, satisfy the pleading requirements of Rule 9(b). Plaintiffs do not identify any allegations in their Opposition showing otherwise.

For these reasons, and as explained further below, the Court should grant KCP's Motion to Dismiss in its entirety.

## II. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

### A. Plaintiffs' Claims Are Time-Barred

Plaintiffs do not dispute their claims accrued when they visited KCP's Website and cookies were purportedly placed on their devices. They also do not dispute that, without some basis for tolling, their CIPA claims that accrued before January 23, 2025, their invasion of privacy and intrusion of seclusion claims that accrued before January 23, 2024, and their fraud and unjust enrichment claims that accrued before January 23, 2023, are barred by the applicable statutes of limitations.[2] Plaintiffs instead contend in their Opposition that they sufficiently pled tolling such that their claims are timely. (*See* Opp. at 7–9.) They did not.

Both Plaintiffs Ortiz and Inzalaco allege that the statutes of limitations for their claims were tolled by the discovery rule and fraudulent concealment. (*See* Opp. at 7–8; Compl. ¶ 15.) But for those tolling doctrines to apply, Plaintiffs were required to "specifically plead facts to show [] the time and manner of discovery." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005); *see also MGA Entm't, Inc. v. Mattel, Inc.*, 41 Cal. App. 5th 554, 565 (2019) ("[I]t is firmly established that the defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations, but only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it." (internal citations omitted)). Here, neither Plaintiff pled sufficient facts for either tolling doctrine because both failed to identify exactly when and how they became aware of their claims.

---

[2] Both Plaintiffs Ortiz and Inzalaco allege they visited the Website on "one or more occasions" during the "four years" preceding the filing of the Complaint, and Plaintiff Inzalaco specifically alleges at least one visit in "June 2022." (Compl. ¶¶ 142, 154.)

While Plaintiffs allege that they did not discover their claims "until they learned of Defendant's privacy violations from their counsel," they never allege *when* their counsel informed them of KCP's alleged wrongdoing, *when* they retained counsel, or *when* they even became aware of the facts that prompted them to retain counsel. (*See* Compl. ¶ 15.) Without such factual allegations, Plaintiffs have failed to plead that their claims were tolled by the discovery rule and fraudulent concealment. *See Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 646 (2003) (affirming dismissal of time-barred claims, finding that for the application of the discovery rule or fraudulent concealment, "[t]he question [] is just when exactly [plaintiffs discovered the alleged wrongdoing]; when can it be said [plaintiffs] discovered, or should have discovered, the [alleged wrongdoing]?").[3]

For these reasons, and as explained further in KCP's opening brief, Plaintiffs' claims are time-barred and none of the applicable statutes of limitations has been tolled.

### B. Plaintiffs' Invasion of Privacy and Intrusion Upon Seclusion Claims Fail as a Matter of Law

To state claims for invasion of privacy and intrusion upon seclusion, Plaintiffs were required to plead (1) they had a reasonable expectation of privacy in the information purportedly tracked; and (2) the alleged invasion of privacy was highly offensive. *See Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 288 (2009). As explained in KCP's Motion, Plaintiffs failed to sufficiently allege either element. (*See* Mot. at 9–11.) But even assuming Plaintiffs had a reasonable expectation of privacy in their interactions with KCP's retail website due to the cookie consent banner (*see* Opp. at 11), Plaintiffs' privacy claims nonetheless fail because any such invasion cannot be "'highly offensive' to a reasonable person." *Hernandez*, 47 Cal. 4th at 295. Plaintiffs make two arguments in their Opposition, neither of which has merit.

*First*, Plaintiffs contend it is "highly offensive" that KCP caused cookies to be installed on their devices because they allegedly rejected such cookies on the Website's pop-up cookie consent

---

[3] Plaintiff Inzalaco also alleges his claims were equitably tolled during the pendency of the prior arbitration proceeding. (*See* Compl. ¶ 24.) But like the other tolling doctrines, this too is dependent on when he had knowledge of the facts underlying his claims. The arbitration proceeding cannot save Plaintiff Inzalaco's claims if, for instance, he first learned cookies were placed on his device when he visited the Website in June 2022 or during some other visit shortly thereafter.

banner. (*See* Opp. at 2.) This argument was recently rejected in *Garcia v. Blackhawk Network*, which confirmed that an alleged "misrepresentation that [rejected] third-party tracking cookies would not be placed on [a user's] device . . . goes only to the first element [of invasion of privacy and intrusion upon seclusion claims]: whether there was an intrusion into a private place"—not the second element: whether the intrusion was "highly offensive." 2026 WL 925028 at *5. Importantly, *Garcia* does not hold that an alleged misrepresentation is irrelevant; rather, it confirms the misrepresentation alone cannot transform the tracking of non-sensitive, site-specific retail interactions into a highly offensive intrusion. The dispositive inquiry remains the nature, sensitivity, and scope of the information allegedly disclosed. *See id.* ("tracking technologies may result in highly offensive conduct" where "the information collected [is] especially sensitive, for example health or financial information" or "the scope of the collection [is] so broad, for example by tracking a Plaintiff's activity across other websites"). As such, Plaintiffs here cannot establish KCP's purported conduct was "highly offensive" merely because Website visitors were allegedly led "to believe that third parties could not access their interactions with the Website once they rejected non-essential cookies." *See id.* (distinguishing contrary decisions because the transmittal of third-party cookies was determined to be "highly offensive" on grounds other than purported misrepresentations about a user's ability to reject cookies).[4]

*Second*, regardless of whether Plaintiffs could indeed reject cookies on the Website, the type of intrusion alleged cannot be "highly offensive" because the Complaint has no allegations the data purportedly transmitted was "especially sensitive, for example health or financial information." *See Garcia*, 2026 WL 925028 at *5. "At best, [Plaintiffs] allege[] that [KCP]'s conduct amounted to informing a third party about [their] interactions with its [retail] website . . . [which] is not sufficient." *Id.* They allege they searched or browsed for men's clothing, shoes, or accessories. (*See* Compl. ¶¶ 156, 215.) Such Website searches and browsing do not "implicate a []

---

[4] To be sure, several other cases in this District have determined otherwise. *See, e.g.*, *Wiley v. Universal Music Grp.*, Case No. 25-cv-03095-PCP, 2025 WL 3654085 (N.D. Cal. Dec. 17, 2025); *Shah v. MyFitnessPal, Inc.*, Case No. 25-cv-04430-PCP, 2026 WL 216334 (N.D. Cal. Jan. 27, 2026). But KCP respectfully urges the Court to follow the reasoning of *Garcia* because the type of intrusion alleged here cannot be "highly offensive" as information purportedly tracked was not from a "sensitive sphere."

sensitive sphere" involving a "traditionally recognized harm" "(e.g., involving sensitive medical or financial information)." *Popa v. Microsoft Corp.*, 153 F. 4th 784, 791–92 (2025) (distinguishing "highly offensive" interception of a user's "cradle-to-grave profile without users' consent . . . *no matter how sensitive or personal users' browsing histories were*," from relatively innocuous tracking of a consumer's behavior on a retail website (emphasis in original)); *see also Rodriguez v. Brushfire Recs.*, Case No. 2:25-cv-09797-CAS-PDx, 2025 WL 3692144, *3 (C.D. Cal. Dec. 15, 2025) (finding alleged unauthorized website tracking is not "highly offensive" because unauthorized use of "tracking pixel installed on defendant's website [] to intercept the contents of communications between plaintiff and the website in real time, including HTTP requests, URLs visited, and other metadata exchanged as part of plaintiff's interactions with the site" are insufficient under *In re Facebook*); *Dawidzik v. Tesla, Inc.*, Case No. EDCV 25-01982-KK-SPx, 2025 WL 3786963, *4 (C.D. Cal. Dec. 29, 2025) (same because alleged interception via "tracking pixels that caused the user's browser to transmit certain data to third-party servers only when the user visited Defendant's website . . . do[es] not rise to the same level of intrusion the Ninth Circuit faced in *In re Facebook*"); *Magliocca v. United Healthcare Servs.*, Case No. 2:25-cv-3388 WBS SCR, 2026 WL 878694, *1 (E.D. Cal. Mar. 30, 2026) (same because allegations that "trackers [] collect[ed] certain information about that user's browsing activity, which [was] subsequently used to serve targeted advertisements and conduct website analytics" "bear no resemblance to the detailed, sensitive data at issue in *In re Facebook*").

Accordingly, for these reasons and as discussed further in KCP's Motion, Plaintiffs have failed to allege claims for invasion of privacy and intrusion upon seclusion. Those claims should be dismissed.

### C. Plaintiffs' Claim for Violation Section 631 of CIPA Should be Dismissed.

Plaintiffs' claim for violation of Section 631 of CIPA should be dismissed because Plaintiffs have failed to sufficiently allege that KCP is directly or secondarily liable under the statute.

#### 1. Plaintiffs concede KCP is not directly liable under Section 631

KCP cannot be directly liable under Section 631 as a party to the purported communications. (*See* Mot. at 11–12 (*Cody v. Ring LLC*, 718 F. Supp. 3d 993, 998 (N.D. Cal. 2024)

("Section 631 of California Penal Code appl[ies] only to eavesdropping by a third party and not to recording by a participant to a conversation."); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 744 (N.D. Cal. 2023) (same)).) Plaintiffs do not dispute this in their Opposition. (*See* Opp. at 14–15); *Hartranft v. Encore Cap. Grp., Inc.*, 543 F. Supp. 3d 893, 913 (C.D. Cal. 2021) ("[W]here a non-moving party fails to address an argument raised by the [motion to dismiss] in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived."). Thus, the Court should dismiss Plaintiffs' Section 631 claim to the extent it is premised on direct liability.

**2. Plaintiffs have not plausibly alleged a predicate violation of Section 631 for an aiding-and-abetting claim**

To state a claim for aiding and abetting a violation of Section 631, Plaintiffs were required to establish KCP "violated one of the first three clauses of section 631(a)." *Esparza v. UAG Escondido A1 Inc*., No. 23-102, 2024 WL 559241, at *2 (S.D. Cal. Feb. 12, 2024). They did not. Plaintiffs failed to make the requisite showing as to the first, second, and third clause of the statute.

a. *Plaintiffs have not alleged a violation of the first clause because that clause is inapplicable to internet communications*.

Plaintiffs do not dispute that "[c]lause one of Section 631(a) prohibits telephonic wiretapping, which does not apply to the internet, and so cannot support [Plaintiffs'] claims." *Cody*, 718 F. Supp. 3d at 999; *see also Swarts*, 689 F. Supp. 3d at 744–45 (citing cases) ("Courts have uniformly interpreted this clause as applying only to communications transmitted over telephones and not those transmitted over the internet."). As such, Plaintiffs' Section 631 claim should be dismissed to the extent it is premised on KCP purportedly aiding and abetting a violation of the first clause. *See Hartranft*, 543 F. Supp. 3d at 913.

b. *Plaintiffs have not alleged a violation of the second clause because they offer no factual allegations that any of their purported communications were intercepted "while" in transit.*

To establish a violation of the second clause of Section 631(a), Plaintiffs must explain the method by which, or when exactly, any of the "Third Parties" acquired, read, or attempted to read their communications with the Website *while* those communications were in transit. *See Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1126 (C.D. Cal. 2024) ("To plausibly allege that

Plaintiff's communications were intercepted while in transit, factual allegations regarding the method, or nature, of interception are required."); *de Ayora v. Inspire Brands, Inc.*, No. 25-03645, 2025 WL 3707561, *7 (N.D. Cal. Dec. 22, 2025) (dismissing claim where there were no factual allegations of "how the software works or how the interception occurs"). Plaintiffs do not contend otherwise. Rather, they argue in opposition that their allegations were sufficient for two reasons.

*First*, Plaintiffs argue their repeated assertion that the "Third Parties'" cookies transmit information "in real time" suffices. (*See* Opp. at 14.) It does not. (*See* Mot. at 14.) "Using the word ['in real time'] repeatedly is simply not enough without the addition of specific facts that make it plausible [the Third Parties are] intercepting [visitors'] data in transit." *See*, *e.g.*, *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022). Plaintiffs point to no such specific facts in their Opposition and thus their conclusory allegation of "real time" transmission is insufficient to state a claim. *See Cody*, 718 F. Supp. 3d at 1001 (finding plaintiff's "conclusory allegation" that the "third party's application program is 'plugged into' Ring's website and allows chats to be routed 'in real time . . . as they occur'" was insufficient); *de Ayora*, 2025 WL 3707561, at *7 ("pointing the Court to paragraphs [in the] complaint" "alleg[ing] interception while in transit" was insufficient to state a claim).

*Second*, Plaintiffs argue that the screenshots included in the Complaint are sufficient to show the method by which the "Third Parties" acquired, read, or attempted to read the contents of their communications with the Website while in transit. (*See* Opp. at 14–15 (citing Compl. ¶¶ 32, 44–53).) But those screenshots (as Plaintiffs concede) show only that a "user's interactions with the Website resulted in the user's browser making a large number of GET and POST HTTP requests to third party web domains." (*Id.*) They do not show that the *contents* of visitors' communications with the Website were transmitted, let alone intercepted *while* in transit. *See Heiting*, 728 F. Supp. 3d at 1125 ("[T]he allegations must demonstrate a party intercepted the communication during its transmission."); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 128 (N.D. Cal. 2020) (dismissing CIPA claim because "the SAC fails to allege the contents of any communication that [defendant] intercepted"). The screenshots merely reflect GET and POST HTTP requests to third party web domains. And this Court cannot assume that because those requests were made, the Website

transmitted information, and third parties acquired that information contemporaneous with transmission. *See Heiting*, 728 F. Supp. 3d at 1125 ("the allegations must demonstrate a party intercepted the communication during its transmission, rather than once it was placed in electronic storage").

Accordingly, "Plaintiffs' mere assertion that [the "Third Parties"] acquire[d] the communications contemporaneously, without factual support, is insufficient to survive [KCP's] motion to dismiss." *de Ayora*, 2025 WL 3707561, at *7; *D'Antonio v. Smith & Wesson Inc.*, Case No. 25-CV-03085-PCP, 2026 WL 446310, at *4 (N.D. Cal. Feb. 17, 2026) ("In the absence of any allegation that plaintiffs themselves interacted with the website in a manner that involved communications whose contents could have been intercepted, they fail to plead the elements of a valid wiretapping claim."). The Court should thus find Plaintiffs have failed to sufficiently allege a violation of the second clause of Section 631(a).

c. *Plaintiffs have not alleged a violation of the third clause.*

Plaintiffs do not dispute that a violation under the third clause of Section 631(a) "is contingent upon a finding of a violation of the first or second clause." *Swarts*, 689 F. Supp. 3d at 744; *see also Cody*, 718 F. Supp. 3d at 1003. Since Plaintiffs have failed to establish liability under the first two clauses, the Court should also find no violation of the third clause, and thus dismiss Plaintiffs' Section 631 CIPA claim.

For these reasons, and as explained further in KCP's opening brief, the Court should dismiss Plaintiffs' Section 631(a) claim because Plaintiffs have failed to establish direct liability or aiding-and-abetting liability as to KCP.

**D. Plaintiffs' "Pen Register" CIPA Claim Fails as a Matter of Law**

Plaintiffs' "Pen Register" CIPA claim should be dismissed because Plaintiffs have failed to plausibly plead that the "cookies and corresponding software code" are pen registers within the meaning of Section 638.50(b), and any device capable of transmitting or recording the actual contents of communications, in addition to routing, addressing, or signaling information, cannot qualify as a pen register under the statute. (*See* Mot. at 15–16.) In their Opposition, Plaintiffs claim that the Website's cookies are "pen registers" because Section 638.50(b)'s "plain language"

provides a pen register is "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." (Opp. at 15.) And later, ignoring the plain language of the statue, Plaintiffs claim that "a device [that] can function both as a wiretap (a device that intercepts communications) and a pen register (a device that captures address and user-agent information but not communications)" is a pen register. (Opp. at 16.) Both arguments lack merit.

*First*, the cookies at issue purportedly captured a visitor's own device identity and thus cannot have captured the "dialing, routing, addressing, or signaling" of an outgoing communication. (*See* Mot. 16.) Plaintiffs allege (and do not dispute in their Opposition) that the cookies sent a "[visitor's] 'user-agent' and IP address information" to "Third Parties." (*See* Compl. ¶¶ 67, 85, 106–07, 117, 220–22, 224.) This information relates only to an *incoming* communication with the Website—not an *outgoing* communication as required by the plain meaning of "pen register." *See United States v. Forrester*, 512 F. 3d 500, 509 (9th Cir. 2008) (finding that, historically, a pen register has been a "device that records numbers *dialed from* a phone line"); *Aviles v. Liveramp, Inc.*, Case No. 24STCV19869, 2025 WL 487196, at *2 (Cal. Super. Jan. 28, 2025) ("The analog of the number dialed by a telephone [] is the IP address and related information of a website accessed by a computer - but not the computer's own IP address or identifying information."); *Palacios v. Fandom, Inc.*, Case No. 24STCV11264, 2024 WL 5494527, at *3 (Cal. Super. Sep. 24, 2024) (same). Because Plaintiffs have alleged the Website's cookies transmitted the "routing, addressing, or signaling information" of an incoming communication, they have failed to identify a process that constitutes a "pen register" within the meaning of the statute, and thus their claim should be dismissed on this basis.

*Second*, a device that "collect[s] a variety of information — some of which are 'communications' and some which are 'routing, addressing, or signaling information'" are not pen registers. *In re Apple Data Priv. Litig.*, Case No. 5:22-cv-07069-EJD, 2026 WL 146025, *5 (N.D. Cal. Jan. 20, 2026) (granting motion to dismiss CIPA pen register claim). Plaintiffs allege that the Third Party cookies at issue tracked the "'*contents*' of [visitors'] electronic communications,"

including "browsing history," "website interactions," and "shopping behaviors." Compl. ¶ 209 (emphasis added); *see also id.* ¶¶ 4, 32, 33, 34, 41, 44, 47; *Brodsky*, 445 F. Supp. 3d at 127. "Plaintiffs [also] allege that the Third Parties' cookies and the corresponding software code installed by Defendant on its Website are 'pen registers' because they are 'device[s] or process[es]' that 'capture[d]' the 'routing, addressing, or signaling information'—including, the IP address and user-agent information—from the electronic communications transmitted by Plaintiffs." (Opp. at 17 (citing Compl. ¶ 220).) These mutually inconsistent allegations, asserting both interception of communication contents and operation as a pen register, preclude Plaintiffs from plausibly pleading a violation of Section 638.51 as a matter of law. *See In re Apple Data Priv. Litig.*, 2026 WL 146025 at *5 (finding "inconsistent allegations" were "another ground for dismissal of Plaintiffs' pen register claim"); *Price v. Headspace, Inc.*, Case No. 24STCV19921, 2025 WL 1237977, *3 (Cal. Super. Apr. 01, 2025) ("[P]ut this yet another way, if the device is capturing the content of the communications, it is definitionally not a trap and trace device.").[5]

The Court should therefore dismiss Plaintiffs' claim under CIPA's pen register provision for failure to state a claim.

### E. Plaintiffs' Fraud Claim Fails as a Matter of Law

Plaintiffs' fraud claim fails for two reasons. *First*, Plaintiffs did not plead that they suffered a quantifiable economic loss as a result of KCP's purported fraud. They contend their allegations are sufficient because "[i]nvasions of privacy have long been recognized at common law as concrete injuries sufficient to support a lawsuit" and they "'have a stake in the value of their misappropriated data.'" (Opp. at 18 (citation omitted).) But regardless of whether these contentions are true, Plaintiffs still do not offer any facts establishing how KCP diminished the value of their information in any way. *See McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1016 (C.D. Cal. 2020) (Under California law, plaintiff must plead "concrete damages caused by Defendants' fraud"). *Second*, Plaintiffs failed to satisfy Rule 9(b)'s temporal requirement by alleging only that they

[5] Plaintiffs cite caselaw finding otherwise. (Opp. at 15–16 (citing, *e.g.*, *Mirmalek v. L.A. Times Comm'ns LLC*, Case No. 24-cv-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) (collecting cases); *Shah v. Fandom, Inc.*, Case No. 24-cv-01062-RFL, 2024 WL 4539577 (N.D. Cal. Oct. 21, 2024)).) However, KCP respectfully submits Court should follow the more recent *In re Apple Data Priv. Litig.*, which is based on the plain text of the statute.

visited the Website "on one or more occasions during the last four years." (*See* Compl. ¶¶ 142, 154.) Plaintiffs contend otherwise in their Opposition because they alleged the purported fraud occurred "during the class period." (Opp. at 17.) But that argument misses the point. They did not specifically allege *when* in the class period they visited the Website. Without such allegations, the requirements of Rule 9(b) have not been satisfied, and thus their fraud claim should be dismissed. *See de Ayora*, 2025 WL 3707561, at *4 (dismissing fraud claim under Rule 9(b) because allegations that Plaintiffs "visit[ed] Defendants' websites during the class period . . . [do] not adequately give[] Defendants notice of the 'when'"); *Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1217 (S.D. Cal. 2012) (dismissing fraud claim under Rule 9(b) because the "Complaint lack[ed] specificity as to the fundamentals of when and where the[] misrepresentations occurred").

### F. Plaintiffs' Unjust Enrichment Claim Fails as a Matter of Law

Plaintiffs' unjust enrichment claim fails for three reasons. *First*, unjust enrichment is not a valid standalone cause of action under California law. *See McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("Unjust enrichment is not a cause of action[.]"). *Second*, to the extent their claim is based on restitution, Plaintiffs failed to demonstrate KCP "received and unjustly retained a benefit at [their] expense." *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023). Plaintiffs merely reiterate in opposition their conclusory allegation that "Defendant benefited from the use of cookies." (*See* Opp. at 18–19.) But "[r]estitution is not mandated merely because [KCP purportedly] realized a gain at [Plaintiffs'] expense" — Plaintiffs must also "adequately allege" a "qualifying mistake, fraud, coercion, or request, which they do not." *Russell*, 680 F. Supp. 3d at 1133. *Third*, to the extent the claim sounds in fraud, Plaintiffs have failed to adequately allege a qualifying fraud, and thus their unjust enrichment claim should be dismissed. *See supra* Section II.D; *Puri v. Khalsa*, 674 F. App'x 679, 690 (9th Cir. 2017) (unjust enrichment claim sounding in fraud must satisfy Rule 9(b)); *Ayora*, 2025 WL 3707561, at *4 (dismissing unjust enrichment claim where plaintiffs "failed to adequately plead under Rule 9(b) and therefore have not 'establish[ed] the requisite relationship' between their fraud and unjust enrichment claims").

## III. CONCLUSION

For the foregoing reasons, and as explained further in its opening brief, KCP respectfully requests that the Court grant its Motion to Dismiss in its entirety without leave to amend.

Respectfully submitted,

Dated: May 4, 2026

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/ Stuart M. Richter

*Attorneys for Defendant Kenneth Cole Productions, Inc.*